FILED by **VK** D.C.
ELECTRONIC

FEB. 12, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

RESHMA HARILAL,  **08-20366-CIV-HOEVELER/BROWN**

Plaintiff,

v.

CARNIVAL CORPORATION,
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1A. Plaintiff is a citizen of the country of South Africa.

1B. Defendant CARNIVAL CORPORATION is a corporation incorporated under the laws of Panama with its principal place of business in Miami, Florida.

1C. Plaintiff is a seaman.

1D. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

1E. There is jurisdiction under 18 U.S.C. § 1595.

1F. There is also admiralty jurisdiction.

2. Defendant, at all times material hereto, personally or through an agent;

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendant is subject to the jurisdiction of the Courts of this state.

4. Defendant is engaging in a course of conduct subject to violation of federal criminal statutes with respect to the forced labor, slavery and/or human trafficking of Plaintiff and other crew members aboard their vessels.

5. Defendant's conduct may result in the forfeiture of their cruise ships used to commit and/or facilitate the forced labor, slavery and/or human trafficking pursuant to 18 U.S.C. §1594.

6. The causes of action asserted in this Complaint arise under the 18 U.S.C. § 1595; 18 U.S.C. § 1589 Forced Labor; 18 U.S.C. § 1590 Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; 18 U.S.C. § 1592 Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor; 22 U.S.C. § 7101; 18 U.S.C. §1594; and 18 U.S.C. § 1593.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel Liberty and the vessel Glory. Those vessels were registered in a flag of convenience country.

8. Pursuant to Defendant's communications to Plaintiff, Plaintiff was scheduled to sign onto one of Defendant's vessels to work in the position of stateroom stewardess to be compensated at the specified rate of pay for the stateroom stewardess position.

9. Pursuant to Defendant's Letter of Employment, Plaintiff traveled from South Africa to the state of Florida to join Defendant's vessel to work in the position of stateroom stewardess to be compensated at the specified rate of pay for the stateroom stewardess position.

10. After Plaintiff arrived in Florida to join Defendant's vessel under the agreement that she would work in the position of stateroom stewardess for approximately $1,500 every two weeks, Defendant informed her that she would work in a lower position for approximately $250 to $300 every two weeks instead.

11. On or about February 9, 2008, Plaintiff refused to work in the lower position at the lower rate of pay.

12. On the above referenced date, Plaintiff requested Defendant return her passport so she

could leave and return home.

13. On the above referenced date, Defendant refused to return Plaintiff's passport to her in violation of 18 U.S.C § 1592.

14. On the above referenced date, Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will.

15. On the above referenced date, Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel at a much lower rate of pay and in lower position than Plaintiff agreed to work.

16. At all times material hereto, the actions stated in paragraphs 9 through 14 occurred in the state of Florida.

17. At material times hereto, Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel while it was in a port of United States and state of Florida.

18. At material times hereto, Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel while it was in United States territorial waters.

## COUNT I
## FORCED LABOR PURSUANT TO 18 USC § 1589

19. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through eighteen as though they were originally alleged herein.

20. On the above referenced date, Defendant obtained the labor and/or services of Plaintiff by reason of one or more of the following:  By threats of serious harm to and/or physical restraint against Plaintiff;  By means of a scheme, plan and/or pattern intended to cause Plaintiff to believe that, if she did not perform such labor and/or services, she would suffer serious harm or physical restraint; and/or By means of abuse or threatened abuse of law or the legal process as follows:

a. Defendant duped Plaintiff into traveling to the state of Florida from South Africa with very little money for a promise of a specified job at a specified compensation; and/or b. After Plaintiff arrived in the State of Florida with very little money, Defendant failed to provide Plaintiff the promised job or compensation that induced Plaintiff to travel from South Africa; and/or c. Defendant

failed to return Plaintiff's passport after she refused to work in the lower position for lower pay; and/or d. Defendant failed to allow Plaintiff to leave and return home after she refused to work in the lower position for lower pay ; and/or e. Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will; and/or f. Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel against her will; and/or g. Defendant employed psychological methods of coercion to force Plaintiff to work aboard their vessel against her will; and/or h. Forced and/or psychologically coerced Plaintiff to sign a Crew Contract giving up her legal right to bring her dispute(s) in United States Courts in place of arbitration in a foreign country which she cannot practically afford or undertake; and/or i. Forced and/or psychologically coerced Plaintiff to sign the above referenced Crew Contract after she had traveled from South Africa to the state of Florida and was without sufficient financial means to refuse and return home; and/or h. Defendant engaged in a scheme, plan, or pattern to psychologically coerce Plaintiff and other crew members to sign the Crew Contract containing an arbitration provision with the full knowledge and intent that Plaintiff and the other crew members would not practically be able to arbitrate their disputes according to the Crew Contract; and/or i. By forcing and/or psychologically coercing Plaintiff to sign the Crew Contract with an arbitration provision, Defendant took away Plaintiff's ability to enforce her legal rights; and/or j. By forcing and/or coercing Plaintiff to sign the Crew Contract with an arbitration provision Plaintiff has no mechanism to enforce her legal rights as she is financially unable to arbitrate in a foreign country pursuant to the Crew Contract; and/or k. Through this unfair contract provision, Defendant has attempted to manipulate Plaintiff into believing she has no legally enforceable rights; and/or l. Defendant did not allow Plaintiff adequate time to review the Crew Contract, seek legal advise from an attorney with respect to the Crew Contract and/or did not provide Plaintiff with adequate notice of the terms and conditions contained in the Crew Contract; and/or m. Refused to provide Plaintiff with prompt, proper and/or adequate medical care for an illness which manifested while in the service of Defendant's vessel; and/or n. When Plaintiff sought adequate medical care for her condition, Defendant threatened to terminate her if she continued to seek the requested medical care; and/or o. After Defendant failed to provide Plaintiff with adequate medical

care for her condition and Plaintiff requested to sign off the vessel to obtain medical care on her own, Defendant prevented her from leaving the ship by taking away her means to exit the vessel, all of which forced Plaintiff's labor and services for the benefit of Defendant.

21. The term "serious harm" is intended to encompass not only physical violence, but also more subtle psychological methods of coercion.

22. As a result of the aforementioned actions of Defendant, the Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel and, as a result, suffered injuries.

WHEREFORE, Plaintiff demands damages, including but not limited to: 1. An injunction to immediately release Plaintiff from Defendant; 2. An injunction for Defendant to immediately return Plaintiff's passport to her; 3. Mandatory restitution to pay Plaintiff's losses pursuant to 18 U.S.C. § 1593, including the full amount of Plaintiff's services/labor under the minimum wage and overtime guarantees of the Fair Labor Standards Act; 4. All damages entitled by law; 5. Attorney's fees pursuant to 18 U.S.C. § 1595; and 6. the forfeiture of Defendant's vessels that were used to commit and/or to facilitate the acts to the United States government pursuant to 18 U.S.C. § 1594, and demands jury trial of all issues so triable.

## COUNT II
## SLAVERY AND TRAFFICKING IN PERSONS PURSUANT TO 18 USC § 1590

23. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through eighteen as though they were originally alleged herein.

24. On the above referenced date, Defendant recruited, harbored, transported, provided and/or obtained Plaintiff's labor and/or services as follows:

a. Defendant duped Plaintiff into traveling to the state of Florida from South Africa with very little money for a promise of a specified job at a specified compensation; and/or b. After Plaintiff arrived in the State of Florida with very little money, Defendant failed to provide Plaintiff the promised job or compensation that induced Plaintiff to travel from South Africa; and/or c. Defendant

failed to return Plaintiff's passport after she refused to work in the lower position for lower pay; and/or d. Defendant failed to allow Plaintiff to leave and return home after she refused to work in the lower position for lower pay ; and/or e. Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will; and/or f. Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel against her will; and/or g. Defendant employed psychological methods of coercion to force Plaintiff to work aboard their vessel against her will; and/or h. Forced and/or psychologically coerced Plaintiff to sign a Crew Contract giving up her legal right to bring her dispute(s) in United States Courts in place of arbitration in a foreign country which she cannot practically afford or undertake; and/or i. Forced and/or psychologically coerced Plaintiff to sign the above referenced Crew Contract after she had traveled from South Africa to the state of Florida and was without sufficient financial means to refuse and return home; and/or h.  Defendant engaged in a scheme, plan, or pattern to psychologically coerce Plaintiff and other crew members to sign the Crew Contract containing an arbitration provision with the full knowledge and intent that Plaintiff and the other crew members would not practically be able to arbitrate their disputes according to the Crew Contract; and/or i. By forcing and/or psychologically coercing Plaintiff to sign the Crew Contract with an arbitration provision, Defendant took away Plaintiff's ability to enforce her legal rights; and/or j.  By forcing and/or coercing Plaintiff to sign the Crew Contract with an arbitration provision Plaintiff has no mechanism to enforce her legal rights as she is financially unable to arbitrate in a foreign country pursuant to the Crew Contract; and/or k. Through this unfair contract provision, Defendant has attempted to manipulate Plaintiff into believing she has no legally enforceable rights; and/or l. Defendant did not allow Plaintiff adequate time to review the Crew Contract, seek legal advise from an attorney with respect to the Crew Contract and/or did not provide Plaintiff with adequate notice of the terms and conditions contained in the Crew Contract; and/or m. Refused to provide Plaintiff with prompt, proper and/or adequate medical care for an illness which manifested while in the service of Defendant's vessel; and/or n. When Plaintiff sought adequate medical care for her condition, Defendant threatened to terminate her if she continued to seek the requested medical care; and/or o.  After Defendant failed to provide Plaintiff with adequate medical

care for her condition and Plaintiff requested to sign off the vessel to obtain medical care on her own, Defendant prevented her from leaving the ship by taking away her means to exit the vessel, all of which forced Plaintiff's labor and services for the benefit of Defendant.

25. The term "serious harm" is intended to encompass not only physical violence, but also more subtle psychological methods of coercion.

26. Defendant recruited, harbored, transported, provided and/or obtained Plaintiff's labor and/or services and, as a result, Plaintiff suffered injuries.

WHEREFORE, Plaintiff demands damages, including but not limited to: 1. An injunction to immediately release Plaintiff from Defendant; 2. An injunction for Defendant to immediately return Plaintiff's passport to her; 3. Mandatory restitution to pay Plaintiff's losses pursuant to 18 U.S.C. § 1593, including the full amount of Plaintiff's services/labor under the minimum wage and overtime guarantees of the Fair Labor Standards Act; 4. All damages entitled by law; 5. Attorney's fees pursuant to 18 U.S.C. § 1595; and 6. the forfeiture of Defendant's vessels that were used to commit and/or to facilitate the acts to the United States government pursuant to 18 U.S.C. § 1594, and demands jury trial of all issues so triable.

LIPCON, MARGULIES & ALSINA, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776,
Two South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By_____
CHARLES LIPCON
FLORIDA BAR NO. 137942
Sealaw@aol.com
TONYA J. MEISTER
FLORIDA BAR NO. 629243
TonyaJMeister@aol.com

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
Reshma Harilal

**DEFENDANTS**
Carnival Corporation

(b) County of Residence of First Listed Plaintiff: Durban, South Africa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles Lipcon/Tonya Meister, P.A.
Lipcon, Margulies and Alsina, P.A.
2 South Biscayne Blvd, #1776
Miami, FL 33131 (305) 373-3016

Attorneys (If Known)

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Miami - 08CV 20366 WMH/STB

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

FILED by IK D.C. INTAKE
FEB 12 2008
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 18 USC Sec. 1595 and admiralty jurisdiction

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD     DATE 2-11-08

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 974796

8 of 8

02/12/08