UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO: 08-20366 CIV-HOEVELER/BROWN

RESHMA HARILAL,

  Plaintiff,

v.

CARNIVAL CORPORATION,

  Defendant.
_____/

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

    1A. Plaintiff is a citizen of the country of South Africa.

    1B. Defendant CARNIVAL CORPORATION is a corporation incorporated under the laws of Panama with its principal place of business in Miami, Florida.

    1C. Plaintiff is a seaman.

    1D. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

    1E. There is jurisdiction under 18 U.S.C. § 1595.

    1F. There is also admiralty jurisdiction.

  2. Defendant, at all times material hereto, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county

and/or state.

    3. Defendant is subject to the jurisdiction of the Courts of this state.

    4. Defendant is engaging in a course of conduct subject to violation of federal criminal statutes with respect to the forced labor, slavery and/or human trafficking of Plaintiff and other crew members aboard their vessels.

    5. Defendant's conduct may result in the forfeiture of their cruise ships used to commit and/or facilitate the forced labor, slavery and/or human trafficking pursuant to 18 U.S.C. §1594.

    6. The causes of action asserted in this Complaint arise under the 18 U.S.C. § 1595; 18 U.S.C. § 1589 Forced Labor; 18 U.S.C. § 1590 Trafficking with Respect to Peonage, Slavery, Involuntary Servitude, or Forced Labor; 18 U.S.C. § 1592 Unlawful Conduct with Respect to Documents in Furtherance of Trafficking, Peonage, Slavery, Involuntary Servitude, or Forced Labor; 22 U.S.C. § 7101; 18 U.S.C. §1594; and 18 U.S.C. § 1593.

    7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel Liberty and the vessel Glory. Those vessels were registered in a flag of convenience country.

    8. Pursuant to Defendant's communications to Plaintiff, Plaintiff was scheduled to sign onto one of Defendant's vessels to work in the position of stateroom stewardess to be compensated at the specified rate of pay for the stateroom stewardess position.

    9. Pursuant to Defendant's Letter of Employment, Plaintiff traveled from South Africa to the state of Florida to join Defendant's vessel to work in the position of stateroom stewardess to be compensated at the specified rate of pay for the stateroom stewardess position.

    10. After Plaintiff arrived in Florida to join Defendant's vessel under the agreement that she would work in the position of stateroom stewardess for approximately $1,500 every two weeks, Defendant informed her that she would work in a lower position for approximately $250 to $300 every two weeks instead.

    11. On or about February 9, 2008, Plaintiff refused to work in the lower position at the lower rate of pay.

12. On the above referenced date, Plaintiff requested Defendant return her passport so she could leave and return home.

13. On the above referenced date, Defendant refused to return Plaintiff's passport to her in violation of 18 U.S.C § 1592.

14. On the above referenced date, Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will.

15. On the above referenced date, Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel at a much lower rate of pay and in lower position than Plaintiff agreed to work.

16. At all times material hereto, the actions stated in paragraphs 9 through 14 occurred in the state of Florida.

17. At material times hereto, Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel while it was in a port of United States and state of Florida.

18. At material times hereto, Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel while it was in United States territorial waters.

19. At all times material hereto, the relationship between Plaintiff and Defendant was illegal and had for its basis violation of federal statutes against forced labor/slavery/human trafficking stated above.

20. At all times material hereto, the relationship between Plaintiff and Defendant was not a commercial legal relationship.

21. At all times material hereto, the subject contract was null and void because Defendant forced and/or psychologically coerced Plaintiff to sign the Seafarer's Agreement under duress and against her will.

22. At all times material hereto, the arbitration clause of the subject Seafarer's Agreement was null and void because it is procedurally and substantively unconscionable.

23. At all times material hereto, the arbitration clause of the subject Seafarer's Agreement was null and void because it is against public policy.

24. At all times material hereto, the arbitration provision of the subject Seafarer's Agreement was inoperative and incapable of being performed because it was literally impossible for Plaintiff to arbitrate her dispute when she was being held against her will on Defendant's ship.

25. At all times material hereto, the arbitration provision of the subject Seafarer's Agreement is inoperative and incapable of being performed because Plaintiff is financially unable to arbitrate as she cannot afford the associated costs of arbitration.

26. Upon information and belief, Carnival has not had any crew member arbitrations since enforcing the arbitration clause in their Seafarer Agreements. Most likely this is because few if any crew members could ever afford to arbitrate in accordance with Carnival's arbitration clause, which in itself creates a high hurdle to the arbitration.

27. By reason of the filing of this lawsuit, Defendant released Plaintiff from their ship; returned her passport; paid her some money; and provided her a ticket to South Africa. All of this came about because of this lawsuit and to this extent Plaintiff has already succeeded and is entitled to attorney's fees and costs.

## COUNT I
## FORCED LABOR PURSUANT TO 18 USC § 1589

28. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through twenty-seven as though they were originally alleged herein.

29. On the above referenced date, Defendant obtained the labor and/or services of Plaintiff by reason of one or more of the following:  By threats of serious harm to and/or physical restraint against Plaintiff;  By means of a scheme, plan and/or pattern intended to cause Plaintiff to believe that, if she did not perform such labor and/or services, she would suffer serious harm or physical restraint; and/or By means of abuse or threatened abuse of law or the legal process as follows:

a. Defendant duped Plaintiff into traveling to the state of Florida from South Africa with very little money for a promise of a specified job at a specified compensation; and/or b. After Plaintiff arrived in the State of Florida with very little money, Defendant failed to provide Plaintiff the promised job or compensation that induced Plaintiff to travel from South Africa; and/or c. Defendant failed to return Plaintiff's passport after she refused to work in the lower position for

lower pay; and/or d. Defendant failed to allow Plaintiff to leave and return home after she refused to work in the lower position for lower pay ; and/or e. Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will; and/or f. Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel against her will; and/or g. Defendant employed psychological methods of coercion to force Plaintiff to work aboard their vessel against her will; and/or h. Forced and/or psychologically coerced Plaintiff to sign a Crew Contract giving up her legal right to bring her dispute(s) in United States Courts in place of arbitration in a foreign country which she cannot practically afford or undertake; and/or i. Forced and/or psychologically coerced Plaintiff to sign the above referenced Crew Contract after she had traveled from South Africa to the state of Florida and was without sufficient financial means to refuse and return home; and/or h.  Defendant engaged in a scheme, plan, or pattern to psychologically coerce Plaintiff and other crew members to sign the Crew Contract containing an arbitration provision with the full knowledge and intent that Plaintiff and the other crew members would not practically be able to arbitrate their disputes according to the Crew Contract; and/or i. By forcing and/or psychologically coercing Plaintiff to sign the Crew Contract with an arbitration provision, Defendant took away Plaintiff's ability to enforce her legal rights; and/or j.  By forcing and/or coercing Plaintiff to sign the Crew Contract with an arbitration provision Plaintiff has no mechanism to enforce her legal rights as she is financially unable to arbitrate in a foreign country pursuant to the Crew Contract; and/or  k. Through this unfair contract provision, Defendant has attempted to manipulate Plaintiff into believing she has no legally enforceable rights; and/or l. Defendant did not allow Plaintiff adequate time to review the Crew Contract, seek legal advise from an attorney with respect to the Crew Contract and/or did not provide Plaintiff with adequate notice of the terms and conditions contained in the Crew Contract; and/or m.  Defendant intentionally came up with a scheme and/or plan to have all crew members sign the Crew Contract without the time or opportunity to read or understand the Agreement and then instituted procedures designed to carry out that scheme and/or plan; and/or n.  Refused to provide Plaintiff with prompt, proper and/or adequate medical care for an illness which manifested while in the service of Defendant's vessel; and/or o. When Plaintiff

sought adequate medical care for her condition, Defendant threatened to terminate her if she continued to seek the requested medical care; and/or p. After Defendant failed to provide Plaintiff with adequate medical care for her condition and Plaintiff requested to sign off the vessel to obtain medical care on her own, Defendant prevented her from leaving the ship by taking away her means to exit the vessel, all of which forced Plaintiff's labor and services for the benefit of Defendant.

30. The term "serious harm" is intended to encompass not only physical violence, but also more subtle psychological methods of coercion.

31. As a result of the aforementioned actions of Defendant, the Plaintiff was forced and/or psychologically coerced to work aboard Defendant's vessel and, as a result, suffered injuries.

WHEREFORE, Plaintiff demands damages, including but not limited to: 1. Mandatory restitution to pay Plaintiff's losses pursuant to 18 U.S.C. § 1593, including the full amount of Plaintiff's services/labor under the minimum wage and overtime guarantees of the Fair Labor Standards Act; 2. All damages entitled by law; 3. Attorney's fees pursuant to 18 U.S.C. § 1595; and 4. the forfeiture of Defendant's vessels that were used to commit and/or to facilitate the acts to the United States government pursuant to 18 U.S.C. § 1594, and demands jury trial of all issues so triable.

## COUNT II
## SLAVERY AND TRAFFICKING IN PERSONS PURSUANT TO 18 USC § 1590

32. Plaintiff realleges, incorporates by reference, and adopts paragraphs one through twenty-seven as though they were originally alleged herein.

33. On the above referenced date, Defendant recruited, harbored, transported, provided and/or obtained Plaintiff's labor and/or services as follows:

a. Defendant duped Plaintiff into traveling to the state of Florida from South Africa with very little money for a promise of a specified job at a specified compensation; and/or b. After Plaintiff arrived in the State of Florida with very little money, Defendant failed to provide Plaintiff the promised job or compensation that induced Plaintiff to travel from South Africa; and/or c. Defendant failed to return Plaintiff's passport after she refused to work in the lower position for

lower pay; and/or d. Defendant failed to allow Plaintiff to leave and return home after she refused to work in the lower position for lower pay ; and/or e. Defendant forced and/or psychologically coerced Plaintiff to stay on board their vessel against her will; and/or f. Defendant forced and/or psychologically coerced Plaintiff to work aboard their vessel against her will; and/or g. Defendant employed psychological methods of coercion to force Plaintiff to work aboard their vessel against her will; and/or h. Forced and/or psychologically coerced Plaintiff to sign a Crew Contract giving up her legal right to bring her dispute(s) in United States Courts in place of arbitration in a foreign country which she cannot practically afford or undertake; and/or i. Forced and/or psychologically coerced Plaintiff to sign the above referenced Crew Contract after she had traveled from South Africa to the state of Florida and was without sufficient financial means to refuse and return home; and/or h. Defendant engaged in a scheme, plan, or pattern to psychologically coerce Plaintiff and other crew members to sign the Crew Contract containing an arbitration provision with the full knowledge and intent that Plaintiff and the other crew members would not practically be able to arbitrate their disputes according to the Crew Contract; and/or i. By forcing and/or psychologically coercing Plaintiff to sign the Crew Contract with an arbitration provision, Defendant took away Plaintiff's ability to enforce her legal rights; and/or j. By forcing and/or coercing Plaintiff to sign the Crew Contract with an arbitration provision Plaintiff has no mechanism to enforce her legal rights as she is financially unable to arbitrate in a foreign country pursuant to the Crew Contract; and/or  k. Through this unfair contract provision, Defendant has attempted to manipulate Plaintiff into believing she has no legally enforceable rights; and/or l. Defendant did not allow Plaintiff adequate time to review the Crew Contract, seek legal advise from an attorney with respect to the Crew Contract and/or did not provide Plaintiff with adequate notice of the terms and conditions contained in the Crew Contract; and/or m.  Defendant intentionally came up with a scheme and/or plan to have all crew members sign the Crew Contract without the time or opportunity to read or understand the Agreement and then instituted procedures designed to carry out that scheme and/or plan; and/or n.  Refused to provide Plaintiff with prompt, proper and/or adequate medical care for an illness which manifested while in the service of Defendant's vessel; and/or o. When Plaintiff

sought adequate medical care for her condition, Defendant threatened to terminate her if she continued to seek the requested medical care; and/or  p. After Defendant failed to provide Plaintiff with adequate medical care for her condition and Plaintiff requested to sign off the vessel to obtain medical care on her own, Defendant prevented her from leaving the ship by taking away her means to exit the vessel, all of which forced Plaintiff's labor and services for the benefit of Defendant.

34. The term "serious harm" is intended to encompass not only physical violence, but also more subtle psychological methods of coercion.

35.  Defendant recruited, harbored, transported, provided and/or obtained Plaintiff's labor and/or services and, as a result, Plaintiff suffered injuries.

WHEREFORE, Plaintiff demands damages, including but not limited to:  1. Mandatory restitution to pay Plaintiff's losses pursuant to 18 U.S.C. § 1593, including  the full amount of Plaintiff's services/labor under the minimum wage and overtime guarantees of the Fair Labor Standards Act; 2. All damages entitled by law; 3. Attorney's fees pursuant to 18 U.S.C. § 1595; and 4. the forfeiture of Defendant's vessels that were used to commit and/or to facilitate the acts to the United States government pursuant to 18 U.S.C. § 1594,  and demands jury trial of all issues so triable.

LIPCON, MARGULIES & ALSINA, P.A.
Attorneys for Plaintiff
One Biscayne Tower, Suite 1776,
Two South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By s/ Tonya J. Meister
  TONYA J. MEISTER
  FLORIDA BAR NO. 629243
  TonyaJMeister@aol.com
  CHARLES LIPCON
  FLORIDA BAR NO. 137942
  Sealaw@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some electronically Notices of Electronic Filing.

                                        LIPCON, MARGULIES & ALSINA
Attorney for Plaintiff
One Biscayne Tower, Suite 2480
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305)  373-3016
E-mail:TonyaJMeister@aol.com
By: /s/ Tonya J. Meister
TONYA J. MEISTER

## SERVICE LIST

## RESHMA HARILAL, v. CARNIVAL CORPORATION

## CASE NO: 08-20366 CIV-HOEVELER/BROWN

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Rachel S. Cohen
rcohen@mltrial.com
Curtis Mase
cmase@mltrial.com
Scott Mebane
smebane@mltrial.com
**MASE & LARA, P.A.**
80 SW Eighth Street, Suite 2700
Miami, FL 33130
(305) 377-3770
**ATTORNEYS FOR CARNIVAL CORP.**