UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-20366-CIV-HOEVELER

RESHMA HARILAL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292 AND/OR FOR RELIEF FROM THE ORDER COMPELLING ARBITRATION PURSUANT TO FED. R. CIV. P. 60(b) AND/OR REHEARING ON THE REFORMATION OF THE ARBITRATION CLAUSE

THIS MATTER comes before the Court upon Plaintiff Reshma Harilal's Motion for Certification Under 28 U.S.C. § 1292 and/or For Relief From the Order Compelling Arbitration Pursuant to Fed. R. Civ. P. 60(b) and/or Rehearing on the Reformation of the Arbitration Clause. The motion has been fully briefed. For the reasons stated below, Plaintiff's motion is denied.

### Background

Plaintiff, a citizen of South Africa, traveled from South Africa to Florida to work aboard Defendant's vessel, Carnival Glory. In her Complaint, Plaintiff alleges that Defendant pulled a bait-and-switch by offering to Plaintiff, upon her boarding the vessel, a lower-paying position than initially indicated. On February 9, 2008, Plaintiff refused to work in the lower position and asked for her passport so she could leave and return home to South Africa. Plaintiff alleges that Defendant refused to return her passport

and coerced her to stay on board the vessel against her will. It appears that Plaintiff remained aboard the vessel for approximately one week total. During this time, on February 12, 2008, Plaintiff filed this lawsuit for forced labor pursuant to 18 U.S.C. § 1589 and slavery and trafficking in persons pursuant to 18 U.S.C. § 1590.

Defendant filed a Motion to Compel Arbitration on March 3, 2008, noting that the controlling precedent of the United States Court of Appeals for the Eleventh Circuit in Bautista v. Norwegian Cruise Line Ltd., 396 F. 3d 1289 (11th Cir. 2005), applied in this case. In Bautista, the Eleventh Circuit confirmed that in deciding a motion to compel arbitration, a district court is to conduct a "very limited inquiry" and "must order arbitration" unless the four jurisdictional prerequisites are not met:

1. Is there an agreement in writing to arbitrate the dispute;

2. Does the agreement provide for arbitration in the territory of the Convention signatory;

3. Does the agreement to arbitrate arise out of a commercial legal relationship;

4. Is a party to the agreement not an American citizen.

Id., 396 F.3d at 1294 fn. 7. In this case, after extensive briefing on the issue and a hearing, the Court applied the law and granted Carnival's Motion to Compel Arbitration. See Order Granting Corrected Motion to Compel, May 15, 2008.

## Analysis

In her present motion, Plaintiff seeks three forms of relief. First, she argues that certification of appealability is appropriate because there is "a controlling question of law as to which there is substantial ground for difference of opinion and that immediate

appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff puts forth three potential issues: (1) whether an arbitration agreement can defeat the application of a criminal statute when it "arises from an illegal relationship based on slavery and/or forced labor," (2) whether an arbitration provision may defeat application of a criminal statute, and (3) whether contract defenses under Florida law prevent enforcement of the arbitration agreement.

With respect to the first two issues, Plaintiff alleges that the Court's Order Granting the Motion to Compel Arbitration "effectively negates the power of the federal statutes prohibiting slavery . . . . because, in effect, a slave trader could go back into business and be immune from criminal prosecution as long as they placed an arbitration clause in their 'Employment Agreement.'" As Defendant correctly points out, this is a *civil* case through which Plaintiff seeks a *civil* remedy. There is nothing in the arbitration agreement which could prevent a prosecutorial executive from prosecuting any alleged criminal acts. Moreover, if a civil complaint presenting a statutory violation comes within the scope of a broad arbitration agreement, as is the case here, the court must enforce the agreement unless Congress has clearly manifested an intention to preclude waiver of judicial remedies. Shearson/Amer. Express v. McMahon, 482 U.S. 220, 226 (1987); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985) (claim under U.S. antitrust law was properly referable to international arbitration). Plaintiff fails to offer any evidence of such intention.

Plaintiff's third claim for "substantial ground for difference of opinion" is the issue of whether contract defenses under Florida law prevent enforcement of the arbitration provision. In Bautista, the Eleventh Circuit held that the Convention on the Recognition

and Enforcement of Foreign Arbitral Awards ("Convention") "requires that courts enforce an agreement to arbitrate unless the agreement is 'null and void, inoperative or incapable of being performed.'" Bautista, 396 F. 3d at 1302 (quoting Convention, art. II)(3). In that case, the Court of Appeals held that the Plaintiffs' affirmative defenses, which amounted allegations that "the crewmembers were put in a difficult 'take it or leave it' situation when presented with the terms of employment", was insufficient for purposes of rendering the arbitration agreement 'null and void' under the Convention. Id. Here, Plaintiff complains of having been put in a similar "take it or leave it" situation. In light of the Eleventh Circuit's clear ruling in Bautista, the Court finds no substantial ground for difference of opinion as to this third issue raised by Plaintiff.

Second, Plaintiff argues that the Court's retention of jurisdiction for the limited purpose of enforcement of any future arbitral award was a mistake because Plaintiff did not request this, and that the Court should remove this portion of its order and close the case. Plaintiff cites no case law supporting its position that the Court erred in retaining jurisdiction for this limited purpose. Plaintiff's request is denied.

Lastly, the Plaintiff insists that the Court "must utilize [its] equitable powers to reform the contract" due to unconscionable terms. Plaintiff's primary claim is that the arbitration clause is unconscionable because the locations for arbitration listed in the arbitration clause are unreasonable. Plaintiff, who is from South Africa, would rather pursue her claims in Florida than Monaco. Plaintiff's request for equitable relief is denied. The Eleventh Circuit has determined that whenever a seaman has executed an employment agreement having an arbitration clause which fulfills the criteria mandated by the Convention, arbitration is mandated. Bautista, 396 F. At 1289.

In light of the above it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion for Certification Under 28 U.S.C. § 1292 and/or For Relief From the Order Compelling Arbitration Pursuant to Fed. R. Civ. P. 60(b) and/or Rehearing on the Reformation of the Arbitration Clause [DE 39] is DENIED.

2. Defendant's Motion for Rule 11 Sanctions [DE 9] is DENIED.

3. Plaintiff's Motion for Rule 11 Sanctions [DE 25] is DENIED.

4. This matter is CLOSED.

DONE AND ORDERED in chambers in Miami, FL this 7th day of July, 2008.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to counsel of record