UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

08-20366-CIV-HOEVELER

RESHMA HARILAL,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

### ORDER DENYING MOTION TO VACATE

THIS CAUSE comes before the Court on the plaintiff's Motion to Vacate [ECF No. 51] the Court's May 19, 2008 Order Granting Carnival's Motion to Compel Arbitration [EFC No. 38]. The motion was filed on February 8, 2010. Carnival responded on March 8 and the plaintiff filed a reply on March 18, 2010. The issue has been fully briefed and the Court is advised in the premises. For the reasons that follow, the Motion to Vacate is denied.

### Background

In February 2008 Reshma Harilal, a citizen of South Africa, traveled from South Africa to Florida to work aboard the cruise ship Carnival Glory as a stateroom stewardess. Harilal alleges that when she arrived to the vessel at Port Canaveral, Carnival pulled a bait-and-switch by offering a lower-paying position of assistant

1

stateroom stewardess. On February 9, 2008, Harilal refused the lower position and asked Carnival for her passport so she could leave and return to South Africa. The plaintiff alleges that Carnival refused to release her passport and forced her to stay aboard the boat against her will. It appears that the plaintiff remained aboard for approximately one week total. During this time, on February 12, 2008, the plaintiff filed this lawsuit for forced labor under 18 U.S.C. § 1859, and slavery and trafficking in persons, in violation of 18 U.S.C. § 1590.

The Seafarer's Agreement between Harilal and Carnival contained an arbitration clause that "[a]ny and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's service on the vessel, shall be referred to and finally resolved by arbitration. . . ." Under the agreement, arbitration would take place in one of several listed international cities and be governed by the law of the ship's flag country (in this case, Panama). Because of the arbitration agreement, on March 3, 2008 Carnival moved the Court to compel arbitration of the dispute under the Convention on the Recognition and Enforcement of Arbitral Awards ("the Convention"), 9 U.S.C. § 202 et seq. [ECF No. 4-5]. The plaintiff opposed the motion based on several theories, including that arbitration cannot defeat the application of a criminal statute (even though it was a civil case), the plaintiff

signed the arbitration agreement under duress, the agreement is void for being against United States public policy, and arbitration was too expensive. After the motion was fully briefed and the Court heard oral arguments, on May 19, 2008 the Court issued an Order compelling arbitration, noting the Eleventh Circuit's controlling precedent of <u>Bautista v. Star Cruises</u>, 396 F.3d 1289 (11th Cir. 2005). The Court retained jurisdiction for the limited purpose of enforcing any future arbitral award. On June 2, 2008, the plaintiff sought relief from the Order compelling arbitration under Rule 60(b) of the Federal Rules of Civil Procedure, and for certification under 28 U.S.C. § 1292. The plaintiff's requests for reconsideration and certification were both denied by the Court's Order on July 7, 2008 [ECF No. 43], and the case was closed. The plaintiff appealed to the Eleventh Circuit but it was dismissed for lack of jurisdiction.

The plaintiff now urges the Court to vacate its May 19, 2008 Order compelling arbitration because of two recent appellate decisions, <u>Thomas v. Carnival</u>, 573 F.3d 1113 (11th Cir. 2009) and <u>Jones v. Halliburton</u>, 583 F.3d 228 (5th Cir. 2009). According to the plaintiff, these rulings require this Court to vacate the Order compelling arbitration and re-open the case because under the new jurisprudence, the plaintiff's claims are either (1) not subject to the Convention, and/or (2) the underlying dispute is not one "arising out of or in connection with" the seafarer's employment.

However, even assuming recent controlling law calls into doubt the Court's reliance on Bautista in compelling arbitration, the plaintiff's motion to vacate is simply too late and must be denied.[1]

I.

Although the plaintiff's motion does not cite Rule 60(b) or recite any of the specific grounds listed in the rule as a basis for relief, the Court construes the motion as one for relief under Rule 60(b). Rice v. Ford Motor Company, 88 F.3d 914, 918 (11th Cir. 1996); Bautista v. Star Cruises, Case No. 03-21642-CIV-SEITZ, ECF. No. 228 (S.D. Fla. March 12, 2010) (denying plaintiff's untimely Rule 60(b) motion to vacate an order compelling arbitration under the Convention). Rule 60(b) governs the district court's ability to vacate a final judgment or order, and it sets forth the grounds upon which relief may be granted:

(b) Grounds for Relief from a Final Judgment, Order, or

---

[1] The Court need not discuss in detail the merits of the plaintiff's arguments concerning the application of Thomas v. Carnival, 573 F.3d 1113 (11th Cir. 2009). Suffice it to say, Thomas addressed a seaman's Wage Act claim and did not address the situation presented here. Likewise, the Fifth Circuit's decision in Jones v. Halliburton, 583 F.3d 228 (5th Cir. 2009) held that the plaintiff's claims of sexual assault fell outside of the scope of her employment, and were therefore not subject to arbitration. The claims in this case are quite different from sexual assault; they involve Carnival's refusal to pay the plaintiff the salary of a stateroom stewardess. Thus, even if the plaintiff had filed her motion to vacate within a reasonable time from either: (1) the Court's Order compelling arbitration, or (2) the issuance of Thomas v. Carnival or Jones v. Halliburton, the motion to vacate would still be denied.

> Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a "reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Eleventh Circuit has noted that Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Mock v. Bell Helicopter Textron, Inc., 373 Fed. Appx. 989, 991(11th Cir. 2010) (internal quotations omitted) (quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981). Although

"an intervening change in controlling law" is not one of the grounds for relief enumerated in Rule 60(b), courts have analyzed these arguments under the "catch-all" provision in Rule 60(b)(6). It is well-settled, however, that "[s]omething more than a 'mere' change in the law is necessary. . . to provide the grounds for Rule 60(b)(6) relief." Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) (quoting Ritter v. Smith, 811 F.2d 1398, 1401 (11th Cir. 1987)). "Absent some showing of extraordinary circumstances, courts have refused to vacate their prior judgments where they correctly applied federal law, and a subsequent Supreme Court ruling changed the law." Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 748 (5th Cir. 1995) (citing Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir. 1986). Further, party seeking relief under Rule 60(b) cannot "simply cite a new Supreme Court decision to support its motion; it must present proof that enforcement of the judgment would work an injustice." Batts v. Tow-Motor Forklift Co., 66 F.3d at 749. A circuit court's announcement of a new rule of federal law, like a Supreme Court pronouncement, is similarly insufficient without more to justify Rule 60(b)(6) relief. Id.

In Booker v. Singletary, the Eleventh Circuit held that "[i]n addition to citing a change in the law, a Rule 60(b)(6) movant must persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief. . . . Even then, whether to grant the requested relief is. . . a matter for the district court's

6

sound discretion." Id. In Ritter v. Smith, a panel of the court discussed several factors that are relevant to determining the presence of "extraordinary circumstances." 811 F.2d at 1401-03. First, the court considered whether "the previous judgment. . . though final, was unexecuted." Id. at 1402. Second, the court held that timing is relevant because "[t]he longer the delay the more intrusive is the effort to upset the finality of the judgment." Id. Third, the court considered whether there was a "close relationship between the two cases at issue," either because "the intervening Supreme Court decision was rendered expressly to resolve a conflict between the earlier decision. . . and another case," or because the two cases "arose out of the same transaction." Id. at 1402-03. Finally, the panel held that "considerations of comity" are relevant in cases where our ruling will affect a state court judgment. Id. at 1403. Ms. Harilal has not explained how any of these considerations apply, and the Court is not satisfied that any of them support her cause. In particular, the Court notes that the plaintiff filed the motion to vacate more than a year and eight months after the Court compelled arbitration (and a year and a half after the Court denied reconsideration of that order). That length of time is not a "reasonable time" to file a motion under Rule 60(b)(6).[2] See Fed. R. Civ. P. 60(c)(1).

---

[2] Even less reasonable was the approximately seven-month lapse between the Eleventh Circuit's issuance of Thomas v. Carnival and the plaintiff's filing of the motion to vacate based primarily on

7

Additionally, under the third <u>Ritter</u> factor, there is no "close relationship between the two cases at issue." On the contrary, the Court's Order compelling arbitration under <u>Bautista</u> appears to be sound even in light of the recent cases. Put differently, the Eleventh Circuit's treatment of a seaman's Wage Act claim under the Convention does not convince the Court that failing to grant vacatur in this case would prevent "justice be[ing] done in light of all the facts." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d at 401. Accordingly, it is hereby

**ORDERED AND ADJUDGED**: The plaintiff's motion to vacate [ECF No. 51] the Court's order compelling arbitration is denied.

**DONE AND ORDERED** in Miami, Florida, September 29th, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies to all counsel

---

that case. Approximately five months passed between the Fifth Circuit's issuance of <u>Jones v. Halliburton</u> and the motion to vacate.

8